UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| DASHAWN MCLENDON, | : | CIVIL NO: 3:16-CV-02109 |
|---|---|---|
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| JAMES HALPIN, | : | |
| *Staff Writer*, *Citizens Voice*, | : | |
| Defendant | : | |

# **REPORT AND RECOMMENDATION**

## I. Introduction.

In 2016, the plaintiff, Dashawn McLendon ("McLendon"), was charged with criminal attempt and conspiracy to commit first degree murder, criminal homicide, aggravated assault, and other charges. McLendon filed this case claiming that James Halpin ("Halpin") incorrectly published a list of his charges in the *Citizens' Voice*, a private newspaper. Halpin filed a motion to dismiss and despite being ordered to do so, McLendon has not filed a brief in opposition to that motion. Further, McLendon failed to file a signed original complaint and to show cause per the Court's directive. After analyzing the applicable factors, we conclude that the case should be dismissed based on McLendon's failure to prosecute this action.

**II. Background and Procedural History.**

McLendon is a prisoner, who filed a civil rights complaint under 42 U.S.C. § 1983 on October 19, 2016. *Doc. 1* at 6. He also filed an application to proceed *in forma pauperis* on November 7, 2016. *Doc. 6.* On November 16, 2016, we granted McLendon's motion for leave to proceed *in forma pauperis*. *Doc. 9.*

According to McLendon, on April 16, 2016, Halpin wrote an article for the *Citizens' Voice* stating that McLendon was charged with robbery. *Doc. 1* at 2. McLendon also complains that Halpin wrote two other articles in January and August of 2016 stating that McLendon was charged with robbery.[1] *Id.* McLendon requests that Halpin be ordered to correct the charges and inform the public that McLendon was not charged with robbery. *Id.* at 3. Additionally, McLendon requests that Halpin and/or the *Citizens' Voice* pay him $1,000,000. *Id.*

On December 27, 2016, Halpin filed a motion to dismiss for failure to state a claim and on January 10, 2017, Halpin filed a brief in support of the motion to dismiss. *Docs. 11, 12.* On January 11, 2017, we ordered McLendon to file a brief in opposition to that motion on or before January 30, 2017, which he failed to do. *Doc. 13.* On February 8, 2017, we also ordered McLendon to file a signed original complaint within 21 days from the date of the order, which he also failed to do.

---

[1] While McLendon sets forth allegations against Halpin, he never identifies a federal right, statute, or a state cause of action upon which his claims rest. Halpin attempted to categorize the allegations as a defamation cause of action.

2

*Doc. 14*. On March 21, 2017, we ordered McLendon to show cause as to why the case should not be dismissed based on McLendon's failure to prosecute on or before April 7, 2017. *Doc. 15*. We also noted that if McLendon failed to show cause, we would conclude that he abandoned the case, and we would recommend that the case be dismissed. *Id.* McLendon failed to file a response to our show cause order.

**III. Discussion.**

    **A. Under the Rules of this Court, McLendon Should Be Deemed Not to Oppose the Motion to Dismiss.**

At the outset, under the Local Rules of this Court, McLendon should be deemed not to oppose the pending motion to dismiss since he has failed to timely oppose that motion.

Local Rule 7.6 imposes an affirmative duty on a litigant to respond to motions and provides that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." At the time that he filed his complaint, McLendon received a copy of the Court's Standing Practice Order, which set forth his obligations with respect to responding to a motion. *Doc. 2* at 3.

In this case, McLendon has not complied with Local Rule 7.6 or this Court's order to file a brief in opposition to the motion to dismiss. These procedural defaults compel us to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion. . . ."

*Lease v. Fishel,* 712 F.Supp.2d 359, 371 (M.D.Pa. 2010) (quoting *McCurdy v. American Bd. of Plastic Surgery,* 157 F.3d 191, 197 (3d Cir. 1998)). With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached, "would actually violate the dual mandate which guides this court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" *Id.* Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

Such basic principles of fairness apply here. In this case, McLendon failed to comply with Local Rule 7.6 because he failed to file a brief in opposition to the pending motion to dismiss after being ordered to do so. This failure now compels us to deem McLendon to not oppose the pending motion to dismiss.

Nevertheless, McLendon's failure to file a brief in opposition alone is not sufficient for the Court to dismiss the case. In *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), the Third Circuit reversed a district court's dismissal based on the *pro se* plaintiff's failure to file a brief in accordance with a local rule of court. The Third Circuit stated that failure to obey the local rule should not form the basis for dismissal without an analysis of the merits of the case. *Id.* at 30. It noted that dismissal was not to be ruled out if the party was represented by an attorney and in fact did not oppose the motion. *Id.* It also noted: "Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked. Thus, our holding is not broad." *Id.* at 30.

Although this caveat from the *Stackhouse* case might suggest that we could grant the pending motion to dismiss based on McLendon's failure to file several items after being ordered to do so by the Court, the Third Circuit has subsequently declined "to adopt an interpretation of *Stackhouse* under which a district court may dismiss a case solely because a plaintiff misses a briefing deadline set forth in a local rule or court-ordered briefing schedule." *Hernandez v. Palakovich,* 293 F.App'x 890, 895 (3d Cir. 2008). Rather, the Third Circuit has held that before dismissing a case as a sanction for failure to follow a court rule or court order, a court must consider the factors set forth in the seminal *Poulis* case. *Id.* at 894

(citing *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984)); *see also Shuey v. Schwab,* 350 F.App'x 630, 633 (3d Cir. 2009) ("*Poulis* has been cited too often and is too deeply ingrained in the jurisprudence of this court and the district courts of this circuit for a court to assume that a party's failure to respond to a motion to dismiss can be regarded as an abandonment of the claim. *Poulis* governs the District Court's decision to dismiss the Shuey's claim, and it was error to dismiss without first considering the *Poulis* factors."). Thus, we turn to a consideration of the *Poulis* factors.

**B. Consideration of the *Poulis* Factors Warrants Dismissal of this Case or in the Alternative, the Defendant's Motion to Dismiss Should Be Granted.**

If the plaintiff fails to prosecute a case or to comply with court rules or court orders, pursuant to Fed.R.Civ.P. 41(b), the Court may dismiss the action. Even though dismissal is an available sanction, it is a drastic sanction that "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002). But that discretion, while broad, is governed by the following factors,

commonly referred to as *Poulis* factors, which the Court must balance in deciding whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis,* 747 F.2d at 868. No single factor is dispositive, *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008), and each factor need not be satisfied for the court to dismiss an action, *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003). In this case, an assessment of the *Poulis* factors weighs in favor of dismissing this action.

The first *Poulis* factor is the extent of the party's personal responsibility. A *pro se* litigant is personally responsible for failure to comply with the Court's rules and orders. In this case, McLendon is proceeding *pro se,* and so he is responsible for his failure to file a brief in opposition to the pending motion to dismiss, as required by the Local Rule and as ordered by the Court. He is also responsible for his failure to file a signed original complaint and his failure to show cause. Further, there is no indication that the Court's orders have not been received by McLendon. In sum, McLendon is responsible for his failure to comply with the

7

court rules and court orders, and he is also responsible for his failure to litigate this case.

The second *Poulis* factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice for purposes of the *Poulis* analysis, however, does not mean irremediable harm. *Ware,* 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.* Here, McLendon's failure to litigate this case and comply with court rules and court orders frustrates and delays resolution of this action, and such failure to litigate can be seen to prejudice the defendant, who seeks a timely resolution of the case.

The third *Poulis* factor is a history of dilatoriness. While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe,* 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). A "party's problematic acts must be evaluated in light of [her] behavior over the life of the

8

case." *Id.* at 875. In this case, McLendon has a demonstrated history of dilatoriness. He failed to file a brief in opposition to the pending motion to dismiss after being order to do so. He also failed to file a signed original complaint. Then, he failed to show cause why the Court should not dismiss the case based on his failure to prosecute, including his failure to file a signed original complaint, even when we warned him that his failure to do so would result in the conclusion that he abandoned the case and a recommendation of dismissal. In sum, McLendon was given opportunity after opportunity to comply with the Court's several orders, but he failed to do so.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams,* 29 F.3d at 875. Here, McLendon was ordered to file a brief in opposition to the motion to dismiss, a signed original complaint, and a response to the Court's show cause order, but he did not do so. Moreover, he was warned of the possible consequences of failing to show cause. McLendon's repeated failure to comply with the Court's orders leads to an inference that he has willfully abandoned this case.

The fifth *Poulis* factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis,* 747 F.2d at

9

868. McLendon is proceeding *pro se* and *in forma pauperis*, and there is no evidence to support a reasonable inference that he would be able to pay monetary sanctions. Therefore, monetary sanctions, including attorney's fees and costs, would not be an effective sanction in this case. Moreover, McLendon's failure to comply with the Court's orders leads to an inference that further orders to him would not be effective. In this case, no sanction short of dismissal would be effective.

The sixth *Poulis* factor is the meritoriousness of the claim. In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis,* 747 F.2d at 870. Here, Halpin has presented strong arguments for why the Court should dismiss the complaint. As McLendon brings the case under 42 U.S.C. § 1983, he must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The requirement that a defendant act under color of state law is essential in order to establish a claim under §1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Here, McLendon does not allege that he has been deprived of a federally protected right. Even if he was to allege such a deprivation, he does not satisfy the "under color of state law" requirement. Indeed, there are simply no allegations that Halpin, a private newspaper reporter, is a state

actor or that his challenged actions can be fairly attributed to the state itself. As Halpin writes for a private newspaper, he cannot be said to be acting under color of state law. *See Antoine v. Star Ledger of New Jersey*, 409 F. App'x. 492, 493 (3d Cir. 2010) (holding that a newspaper and reporter did not act under color of state law by publishing article describing arrest); *Jennings v. Shuman*, 567 F.2d 1213, 1220 (3d Cir. 1977) (a private individual may be subject to liability under § 1983 when there is a conspiracy with a public official to deprive a person of his rights). Moreover, even construing this complaint as defamation under state law, McLendon has not successfully alleged diversity jurisdiction under 28 U.S.C. § 1332.

In sum, the *Poulis* factors weigh in favor of dismissal. McLendon has repeatedly failed to comply with Court orders even after being warned of the possible consequences of doing so. Thus, we recommend that the Court dismiss the case pursuant to Fed.R.Civ.P. 41(b) and the *Poulis* factors. In the alternative, for the reasons set forth above, it is recommended that the Court grant the pending motion to dismiss the complaint.

**IV. Recommendations.**

Accordingly, for the foregoing reasons, it is recommended that the Court dismiss this action in accordance with Fed.R.Civ.P. 41(b) or, in the alternative,

grant the motion (*doc. 11*) to dismiss the complaint.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **25th** day of **May 2017.**

*S/Susan E. Schwab*
Susan E. Schwab
United States Chief Magistrate Judge